ps              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA

                CASE NO. 00-6092-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSE PEREZ,

    Defendant.

_____/



## DEFENDANT'S MOTION IN LIMINE CONCERNING RULE 404(b) EVIDENCE

Defendant, Jose Perez, through undersigned counsel, requests this Court exclude from the government's case certain proffered Rule 404(b) evidence. As grounds for this request, Defendant states:

1. Defendant is charged in the above-styled cause with Bank Robbery in violation of 18 U.S.C. § 2113(a).

2. The government, pursuant to its obligation under the Standing Discovery Order, has informed defense counsel of its intent to introduce extrinsic act evidence pursuant to Rule 404(b) Federal Rules of Evidence, namely that

> On January 19, 2000, Perez along with an unidentified individual robbed the Amsouth Bank of America . . . located at 4404 West Kennedy Boulevard, Tampa, Florida.

Additionally, while the government **has not** noticed defense counsel of its intent to introduce any additional 404(b) evidence, it is counsel's belief that the government will seek to introduce in its



case-in-chief that Defendant committed numerous liquor store robberies in Tampa just prior to his arrest in the instant case, and that Defendant was initially arrested for a liquor store robbery in North Miami, and then was developed as a suspect in the instant offense. Therefore, in an abundance of caution, Defendant seeks to exclude <u>all</u> other crimes evidence from the government's case-in-chief.

3. The proffered extrinsic act evidence does not meet the standard for admissibility established in *Huddleston v. United States,* 108 S.Ct 1496 (1988), and therefore should be excluded from trial.

## **MEMORANDUM OF LAW**

Federal Rule of Evidence 404(b) states that while evidence of other crimes, wrongs, or acts is not admissible to prove bad character or propensity, it may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

The Supreme Court in *Huddleston v. United States*, 108 S.Ct. 1496, 1502 (1988) outlined the requirements for the admissibility of such evidence:

   a.   The evidence must be offered for proper purpose; one or more of the reasons enumerated in the statute;

   b.   The evidence must be relevant to an issue being contested; and

   c.   The evidence must withstand 403 scrutiny.

The government has the burden of demonstrating how the other crimes evidence is relevant to an issue in the case. A broad statement merely invoking or restating Rule 404(b) will not suffice. *United States v. Rivera,* 837 F.2d 906 (10th Cir. 1988). There must be a clear and

logical connection between the earlier conduct and the case being tried. *United States v. Hogile,* 827 F.2d 660 (10th Cir. 1980). Admission of other crimes evidence is not looked upon favorably, and therefore its use must be narrowly circumscribed and limited. *United States v. Rivera,* 837 F.2d 906 (10th Cir. 1988); *United States v. Lewis,* 707 F.2d 1318 (9th Cir. 1986). The government seeks to introduce evidence of Defendant's prior robberies. By attempting to introduce this evidence, it is clear that the government is attempting to introduce bad acts to show that Defendant is a person who is prone to committing acts of violence. These acts are not admissible to establish that, on the date charged in the indictment, Defendant acted in conformity to his previous bad behavior. *United States v. Miller,* 883 F.2d 2540 (11th Cir. 1989). Such evidence is not admissible to show that an accused usually did things a certain way, which in effect would be the same as saying Defendant acted in conformity to his previously established bad character. *Id.* at 1543.

Defendant can only speculate that the government seeks to introduce evidence of these bad acts under the modus operandi/identity exception; but this shows a clear misunderstanding of Rule 404(b)'s ban on character evidence:

> The modus operandi exception does not allow the government to admit evidence of the Defendant's acts to show he usually did things a certain way. To allow that would be tantamount to allowing proof that the Defendant acted in conformity with his bad character.

*United States v. Miller,* supra, citing C. Wright and K. Graham, 22 Federal Practice and Procedure: Evidence, § 5246, at 513-514 (1978).

Extrinsic act evidence is admissible to show a common plan, scheme or design only if the other act sought to be introduced is "so linked together in point of time and circumstances with

3

the crime charged, that one cannot be shown without proving the other." *United States v. Dothard* 666 F.2d 498, 502 (11th Cir. 1982), citing the *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978). Courts have admitted extrinsic act evidence to show a defendant's design or plan to commit the specific crime charged, but never to show a design or plan to commit "crimes of the sort with which he is charged." Dothard, supra, citing *United States v. Goodwin,* 442 F.2d 1141, 1153 (5th Cir. 1974). *Goodwin* states the standard in this Circuit for the admission of extrinsic evidence to show design or plan. There must be

> ...such a concurrence of common features, that the various acts are naturally to be explained or caused by a general plan of which they are the individual manifestations. Thus, where the act of passing counterfeit money is conceded, and the intent alone is an issue, the fact of two previous utterings in the same month might well tend to negate intent; but where the very act of uttering is disputed -- as where the defendant claims that his identity has been mistaken -- and the object is to show that he had a general system or plan of marking off a quantity of counterfeit and did carry it out in this instance, the fact of the previous uttering may be in itself of trifling and inadequate significance.

442 F.2d at 1183.

The evidence as to the prior liquor store robberies does not meet the above criteria. These acts are in no way intertwined with the instant offense. At most, the introduction of this evidence would tend to show Defendant's propensity towards acts of violence. Clearly, this is not the purpose of Rule 404(b). As to the previous bank robbery, this evidence also fails the test for admissibility. Each bank robbery is a separate, distinct criminal episode. They cannot be said to be so linked together in point of time and circumstance that one cannot be shown without proving the other.

If the government is seeking to introduce these prior acts to prove identity, again the government misses the mark. When extrinsic offense evidence is introduced to prove identity,

"the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused . . . " *United States v. Beechum*, 582 F.2d 898, 912 n. 15 (5th Cir. 1978). A "much greater degree of similarity between the charged crime and the uncharged crime is required when the evidence of the other crime is introduced to prove identity than when it is introduced to prove state of mind." *United States v. Clemons*, 32 F.3d 1504, 1508 (11th Cir. 1994). Here there is no unique degree of similarity between the liquor store robberies and the instant offense, and there is nothing unique about the facts of the prior bank robbery which would identify Defendant as the perpetrator in the instant case.

Finally, and most importantly, if this Court were to determine that evidence of Defendant's prior bad acts are relevant and admitted for a proper purpose, the government must still convince the Court that the probative value of introducing this evidence outweighs any prejudicial effect the introduction of this evidence might have. *United States v. Simon*, 839 F.2d 1461-1471 (11th Cir. 1988), citing *United States V. Roe*, 670 F.2d 956, 967 (11th Cir. 1982). In making a decision as to whether the proffered evidence withstands scrutiny under Federal Rules of Evidence 403, there must be a substantial need for the probative value of the evidence provided for by the prior crimes. *United States v. Bloom*, 538 F.2d 704 (5th Cir. 1976). The balancing test the Court must engage in calls for "a 'common sense assessment of all the circumstances surrounding the extrinsic offense', including prosecutorial need, the overall similarity between the extrinsic act and the charged offense and the temporal proximity of the two." *United States v. Dothard* 666 F.2d 498, 502-503 (11th Cir. 1982).

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed 19th day of June, 2001, to Assistant United States Attorney Tom Lanigan, 500 E. Broward Boulevard, 7th Floor, Ft. Lauderdale, FL 33394; and to Defendant, Jose Perez, c/o Palm Beach County Jail, Pouch #165, P.O. Box 24716, Gun Club Road, West Palm Beach, FL 33416.

Robin C. Rosen-Evans