UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6092-Cr-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE MARTIN PEREZ

    Defendant.

_____/



## **DEFENDANT'S OBJECTION TO PSI**

Defendant, Jose Martin Perez, through undersigned counsel files the following objection to the PSI prepared in his case.

At page 10, ¶ 74, under the subheading **Custody**, the PSI indicates that pursuant to § 5G1.3 "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." Defendant would argue that pursuant to § 5G1.3(b) any sentence this Court imposes for the instant offense should run concurrently to the state sentence he is presently serving.

Section 5G1.3(b) dictates that a federal sentence run concurrently to an "undischarged term of imprisonment [that] resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." According to the guideline sentencing commentary, this guideline applies when the undischarged term was imposed for



"conduct taken into account in determining the guideline range for the instant offense." U.S.S.G. § 5G1.3, comment. (n.2). Additionally, in *United States v. Fuentes*, 107 F.3d 1515, 1521 (11th Cir. 1997), the court held that "whenever a defendant is subject to an undischarged sentence imposed for criminal activity that section 1B1.3 treats as relevant conduct, section 5 G1.3(b) directs the court to impose a sentence that runs concurrently to the undischarged sentence.

A review of the circumstances surrounding the instant offense and the conduct for which Defendant is serving the prior undischarged term of imprisonment establishes that the prior offense meets the guideline definition of relevant conduct. Section 1B1.3(a)(2) includes as relevant conduct, *inter alia*, all acts committed by the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction." The question then becomes whether the Tampa robberies are "part of the same course of conduct or common scheme" or plan as the instant federal offense.

Two offenses form the same course of conduct if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." § 1B1.3, comment. (n.9(B)). In evaluating whether two or more offenses meet this test, the sentencing court should consider the degree of similarity of the offenses, the regularity of the offenses, and the time interval between the offenses. *Fuentes*, 107 F.3d at 1525.

An examination of each of the factors establishes that the conduct underlying both the state and federal offenses constitutes the same course of conduct. The offenses are both bank robberies, which were committed within one (1) month of each other, and which were part of a series of robberies Defendant committed within a short period of time.

For these reasons, Defendant submits that his sentence in the instant case should run concurrent to any undischarged term of imprisonment he is presently serving.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By _____
Robin C. Rosen-Evans
  Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 438820
400 Australian Ave., Suite 300
West Palm Beach, Florida 33401
Tel:(561)833-6288
Fax (561)833-0368

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed/delivered this 11th day of October, 2001, to Tom Lanigan, Assistant United States Attorney, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, FL 33395, and Virginia Cataldo, United States Probation Officer, 501 S. Flagler Drive, Ste. 400, West Palm Beach, FL 33401.

_____
Robin C. Rosen-Evans